1  Brian S. Kabateck, SBN 152054
   (bsk@kbklawyers.com)
2  Joshua H. Haffner, SBN 188652
   (jhh@kbklawyesr.com)
3  Levi Plesset, SBN 296039
   (lp@kbklawyers.com)
4  **KABATECK BROWN KELLNER LLP**
   644 S. Figueroa Street
5  Los Angeles, California 90017
   Phone: (213) 217-5000
6  Fax:   (213) 217-5010

7  Attorneys for Plaintiff Benjamin A. Brin
   and the Proposed Class

8

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11  BENJAMIN BRIN, an individual, on          Case No.:
    behalf of himself and others similarly
12  situated,                                 **CLASS ACTION COMPLAINT**
                                              **FOR:**
13                 Plaintiff,
                                              1. **FALSE AND MISLEADING**
14       vs.                                     **ADVERTISING IN VIOLATION**
                                                 **OF BUSINESS AND**
15  THE PALAZZO, a Nevada                        **PROFESSIONS CODE § 17200** *et*
    corporation; THE VENETIAN                    *seq.*;
16  RESORT HOTEL CASINO, a
    Nevada corporation; LAS VEGAS            2. **FALSE AND MISLEADING**
17  SANDS CORPORATION, a Nevada                  **ADVERTISING IN VIOLATION**
    corporation; and DOES 1-50,                  **OF BUSINESS AND**
18  inclusive,                                   **PROFESSIONS CODE § 17500** *et*
                                                 *seq.*; **AND**
19                 Defendants.
                                              3. **VIOLATION OF CONSUMER**
20                                               **LEGAL REMEDIES ACT (Cal.**
                                                 **Civ. Code § 1770(a)(9).**
21
                                              **DEMAND FOR JURY TRIAL**
22

23

24              **NATURE OF THE ACTION**

25       1.      Plaintiff Benjamin A. Brin ("Plaintiff" or "Brin"), individually and on

26  behalf of those similarly situated, brings this class action against Defendants The

27  Palazzo ("The Palazzo"), The Venetian Resort Hotel Casino ("The Venetian"), and Las

28  Vegas Sands Corporation (collectively referred to as "Defendants") for violations of

---

**CLASS ACTION COMPLAINT**

1  California Business and Professions Code section 17200, California Business and

2  Professions Code section 17500, and the California Consumer Legal Remedies Act

3  ("the CLRA"). Plaintiff makes the following allegations based upon information and

4  belief, except as to those allegations specifically pertaining to Plaintiff, which are

5  based on personal knowledge.

6        2.      This action arises out of Defendants' misrepresentations of the total price

7  consumers will be charged to stay at Defendants' hotels. An FTC warning letter made

8  available to hotel proprietors regarding resort fees specifically states:

9
10              "[O]nline hotel reservation sites should include in the quoted
               price any unavoidable and mandatory fees, such as resort
11             fees, that consumers will be charged to stay at the hotel.
               While a hotel reservation site may breakdown the
12             components of the reservation estimate (e.g., room rate,
               estimated taxes, and any mandatory, unavoidable fees), the
13             most prominent figure for consumers should be the total
               inclusive estimate."
14

15  Defendants fail to follow these guidelines and charge a resort fee without properly

16  disclosing that charge as instructed by the FTC.

17        3.      Plaintiff and the members of the proposed class have been injured in

18  relying on Defendants' advertised rates and being charged a higher rate after checking

19  out online.

20                        **JURISDICTION AND VENUE**

21        4.      This Court has jurisdiction over this action pursuant to the Class Action

22  Fairness Act 28 U.S.C. § 1332(d)(2). Plaintiffs are citizens of different states than

23  Defendants. The amount in controversy in this action exceeds $5,000,000 and there

24  are more than 100 members in the proposed class.

25        5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a

26  substantial part of the events giving rise to Plaintiff's claims occurred in the Central

27  District of California.

28

**CLASS ACTION COMPLAINT**

## PARTIES

6.     Plaintiff Benjamin Brin is an individual who, during all relevant times, resided in Studio City, California.  Brin made a hotel reservation through Defendants' online reservation system and was charged a rate that did not correspond to the advertised rate.  Plaintiff was, instead, charged an added resort fee that was not conspicuously disclosed during the booking process.

7.     Defendant The Palazzo is incorporated in Nevada and its principal place of business is Paradise, Nevada.  The Palazzo is a luxury hotel and casino situated on the Las Vegas Strip that transacts online hotel reservations, including throughout the State of California.

8.     Defendant The Venetian Resort Hotel Casino is incorporated in Nevada and its principal place of business is Paradise, Nevada.  The Venetian Resort Hotel Casino is a luxury hotel and casino situated on the Las Vegas Strip that transacts online hotel reservations, including throughout the State of California.

9.     Defendant Las Vegas Sands Corporation is incorporated in Nevada and its principal place of business is Paradise, Nevada.  Defendant Las Vegas Sands Corporation is a resort and casino operating company that owns and operates The Palazzo and The Venetian, among others.

10.     Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under the fictitious names Does 1 through 50, inclusive, and therefore, sues such defendants by such fictitious names.  Plaintiff will amend this complaint to allege the true names and capacities of said fictitiously named defendants when their true names and capacities have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Doe defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by plaintiff.

11.     Plaintiff is informed, believes, and thereon alleges that all defendants, including the fictitious Doe defendants, were at all relevant times acting as actual

1  agents, conspirators, ostensible agents, partners and/or joint venturers and employees

2  of all other defendants, and that all acts alleged herein occurred within the course and

3  scope of said agency, employment, partnership, joint venture, conspiracy and/or

4  enterprise, and with the express and/or implied permission, knowledge, consent,

5  authorization and ratification of their co-defendants; however, this allegation is pleaded

6  as an "alternative" theory wherever not doing so would result in a contradiction with

7  other allegations.

8      12.    As an alternative theory, Plaintiff is informed and believes, and on that

9  basis alleges, that Defendants are alter egos of each other. Plaintiff is informed and

10 believes, and on that basis alleges, that there is common control over Defendants, and

11 they operate pursuant to a common business plan. There is unity of interest among

12 Defendants.

13     13.    The alternative alter-ego relationship among the defendants should be

14 recognized to prevent an injustice. If the alter-ego relationship among defendants is

15 not recognized, an inequity will result because an entity responsible for wrongdoing

16 will be shielded from liability. The alter ego relationship should be recognized to

17 ensure effective injunctive and declaratory relief, so that the wrongful practices alleged

18 herein are not relocated to an affiliated company. If Defendants were permitted to

19 avoid an injunction by relocating the misconduct, an inequity would result.

20                          **FACTUAL ALLEGATIONS**

21 **The FTC Guidelines**

22     14.    In May 2012, the Federal Trade Commission ("the FTC") held a

23 conference on "drip pricing," the pricing technique in which firms advertise only part

24 of a product's price and reveal other charges later as the customer goes through the

25 buying process. The conference discussed the practice with regards to mandatory fees

26 hotels often charge for amenities such as newspapers, use of onsite exercise or pool

27 facilities, or internet access, sometimes referred to as "resort fees."

28     15.    In November 2012, the FTC issued a warning letter to hotel operators that

**CLASS ACTION COMPLAINT**

1   their online reservation sites may violate Section 5 of the FTC Act, 15 U.S.C. § 45(a),

2   by misrepresenting the hotel room reservation price quoted to consumers.  (Attached

3   hereto as Exhibit A.)  The FTC Act makes unlawful unfair methods of competition in

4   or affecting commerce and unfair or deceptive acts or practices in or affecting

5   commerce.

6       16.   Specifically, the FTC warned that excluding resort fees from the quoted

7   reservation price may violate the law by misrepresenting the price consumers can

8   expect to pay for their hotel rooms.  This might include the practice of showing a "total

9   price" or "estimated price" that does not include the resort fee, showing the applicable

10  resort fee nearby, but separate from, the quoted price, or showing the quoted price with

11  an asterisk that leads consumers to another location at the site where the applicable

12  resort fee is disclosed.  The FTC believed that online hotel reservation sites should

13  include prominently in the quoted total price any unavoidable and mandatory fees,

14  such as resort fees, that consumers will be charged to stay at the hotel.

15      17.   Additionally, on March 2013, the FTC updated its Dot Com Disclosure

16  guidance, which establishes principles to assist online advertisers, including hotels, on

17  how to disclose the existence and nature of mandatory fees earlier in the online

18  booking process before quoting the total price.  Specifically, the FTC advises that if a

19  hotel advertises a hotel's room rate on one page, the resort fee should be prominently

20  disclosed on the same page and immediately adjacent to the room rate.

21  **General Allegations**

22      18.   The Palazzo and The Venetian use the same online reservation system that

23  allows its customers to book hotel reservations at their hotels.

24      19.   The Palazzo and The Venetian online reservation system advertises a

25  nightly rate for each of their hotel rooms.  However, this nightly rate is not an accurate

26  quote of the cost of the hotel room per night.  Below each nightly rate, small print text

27  states, "Excluding Taxes and Fees."  These taxes and fees are not specified.  Instead,

28  below that text, there are underlined words stating "View Price Breakdown."  When a

1  customer clicks on these words, a pop-up notification shows, not a breakdown of how

2  the advertised nightly rate was calculated, but the additional taxes and fees that would

3  be added to the advertised nightly price.  The fees portion does not specify that it is a

4  mandatory resort fee.

5       20.    Nowhere on the reservation system page, including the price, is the resort

6  fee specified.  The mandatory resort fees that would be charged to the consumer are

7  displayed only in this separate pop-up notification, which is only viewable by clicking

8  the underlined words that activate the notification of the taxes and the resort fee.

9  Otherwise, the value of the taxes and fees that would be charged to the consumer

10  appears nowhere on each of the reservations pages during the booking process.

11       21.    This online reservation system utilizes the drip pricing technique precisely

12  addressed by the FTC, wherein the mandatory resort fee is not properly disclosed

13  before the hotel room purchase is finalized and is a misrepresentation of the cost

14  consumers should expect to pay.

15       22.    Plaintiff and the Class members were injured by the higher cost charged to

16  them by way of the hidden resort fees.

17  **The Prior Case Against Las Vegas Sands, LLC and Venetian Casino.**

18       23.    In an *unpublished* Central District of California class action case, *Harris*

19  *v. Las Vegas Sands L.L.C.*, No. CV 12–10858 DMG, in August, 2013, the court heard

20  a case involving the same Defendants.  Although resort fees were involved in the prior

21  case, the prior case involved facts very different than the present case.

22       24.    While there were arguably two separate disclosures of the resort fee

23  before purchase of a room in the *Harris* case, there are none in the present case.  The

24  resort fee is only disclosed in the present case after the purchase of the room -- in an

25  email confirmation.

26       25.    Prior to paying for the booking online in *Harris*, a hotel guest must have

27  accepted the "Terms and Conditions" which is a "hyperlink that leads to the hotels'

28  terms and conditions, listed on a separate webpage. (*Harris v. Las Vegas Sands L.L.C.*

**CLASS ACTION COMPLAINT**

(C.D. Cal. Aug. 16, 2013) No. CV 12-10858 DMG FFMX, 2013 WL 529112, at *2.) The Terms & Conditions page states that '[r]ates do not include applicable daily Resort Fee of $20 plus tax.'" (Id., internal citations omitted.)

26.    But since the *Harris* case, Defendants removed that disclosure and in the instant case Plaintiff was not provided any disclosure of resort fees in the "Terms and Conditions" section.

27.    When Plaintiff submitted the credit card information for the deposit, "The Booking Policies" provides a "rate policy" which states, "Must provide 72 hours notice prior to arrival to cancel otherwise the first night Rm/Tx will be forfeited.  First night room and tax due at the time of booking to guarantee the reservation. Additional Policy Information - Not Configured Yet."

28.    The court in the prior *Harris* case did not discuss the FTC warning letter issued in November 2012.

**The Newly Configured and Designed Website**

29.    Defendants were issued a CLRA letter sent to them in December 2014.

30.    Defendants thereafter re-designed and configured their website to include the disclosures of the resort fees.

31.    A copy of the webpage reflecting the newly added changes is attached hereto as Exhibit B.

**Plaintiff's Allegations**

32.    On June 9, 2014, Plaintiff booked an online hotel reservation through Defendants' website for a three night stay.  The advertised rate showed a "Total Rate" of $209.00 "Excluding Taxes and Fees."  The words "Excluding Taxes and Fees" included no explanation of what "Taxes and Fees" meant and did not include a breakdown of any taxes on that page.

33.    After finalizing the booking of his hotel room, for which Plaintiff believed was $209.00 per night, Plaintiff received an email confirmation showing his "Grand Total" that included the $209 per night charge with taxes.  There was no calculation

1   showing fees.  Instead, below the Grand Total, a notation stated: "Grand Total does not

2   include applicable daily resort fee of $25 plus tax."  Following his stay, Plaintiff

3   received his receipt and learned that a $28 resort fee had been charged for each night of

4   his stay.

5        34.    Plaintiff was damaged by the added $28 resort fee charged for each night

6   of his stay.

7                    **CLASS DEFINITION AND CLASS ALLEGATIONS**

8        35.    Plaintiff brings this action on behalf of himself, on behalf of all others

9   similarly situated, on behalf of the General Public, and as a member the Class defined

10   as follows:

> All California customers who booked a hotel reservation online
> at www.TheVenetian.com or www.ThePalazzo.com within the
> applicable statute of limitations, prior to reconfiguration of the
> website.

14       36.    Plaintiff reserves the right to amend or otherwise alter the class definition

15   presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in

16   response to facts learned through discovery, legal arguments advanced by Defendants,

17   or otherwise.

18       37.    This action has been brought and may be properly maintained as a class

19   action pursuant to the provisions of Federal Rules of Civil Procedure Rule 23 and other

20   applicable law.

21       38.    **Numerosity of the Class:**  Pursuant to Federal Rules of Civil Procedure

22   Rule 23, members of the Class are so numerous that their individual joinder is

23   impracticable.  On information and belief, Plaintiff alleges that there are hundreds or

24   thousands of California customers who have made hotel reservations online at

25   www.TheVenetian.com or www.ThePalazzo.com who have been charged resort fees

26   under this unlawful pricing technique.  The precise number of Class members and their

27   addresses will be known to Plaintiff through discovery.  Class members may be

28   notified of the pendency of this action by mail, electronic mail, the Internet, or

1    published notice.

2    39.    **Existence of Predominance of Common Questions of Fact and Law:**

3    Pursuant to Federal Rules of Civil Procedure Rule 23, common questions of law and

4    fact exist as to all members of the Class.  These questions predominate over any

5    questions affecting only individual Class members. These common legal and factual

6    questions are (1) whether Defendants utilized unlawful pricing techniques on their

7    online hotel reservations system; and (2) the nature and extent of class-wide injury and

8    the measure of damages for the injury.

9    40.    **Typicality:** Plaintiff's claims are typical of the claims of the members of

10   the class he seeks to represent because Plaintiff was subject to the same resort fees as

11   Class members who used the same online hotel reservation system during the liability

12   period.  Plaintiff and the members of the class he represents sustained the same types

13   of damages and losses.

14   41.    **Adequacy:** Plaintiff is an adequate representative of the class he seeks to

15   represent because his interests do not conflict with the interests of the members of the

16   class Plaintiff seeks to represent.  Plaintiff has retained counsel competent and

17   experienced in complex class action litigation, and Plaintiff intends to prosecute this

18   action vigorously.  The interests of members of the class will be fairly and adequately

19   protected by Plaintiff and his counsel.

20   42.    **Superiority and Substantial Benefit:** The class action is superior to

21   other available means for the fair and efficient adjudication of Plaintiff's and the Class

22   members' claims. The damages suffered by each individual Class member may be

23   limited.  Damages of such magnitude are small given the burden and expense of

24   individual prosecution of the complex and extensive litigation necessitated by

25   Defendants' conduct.  Further, it would be virtually impossible for the Class members

26   to redress the wrongs done to them on an individual basis. Even if members of the

27   Class themselves could afford such individual litigation, the court system could not.

28   Individualized litigation increases the delay and expense to all parties and the court

**CLASS ACTION COMPLAINT**

system, due to the complex legal and factual issues of the case.  By contrast, the class action device presents far fewer management difficulties, and provides the benefit of single a adjudication, economy of scale, and comprehensive supervision by a single court.

43.    Alternatively, the Class should be certified because:

(a)    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

(b)    The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and,

(c)    Defendants have acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

**(Violation of California Business and Professions Code § 17200 *et seq.* Against All Defendants)**

44.    Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

45.    This cause of action is brought on behalf of Plaintiff individually and on behalf of all others similarly situated, and members of the general public pursuant to California Business and Professions Code section 17200 *et seq.*, which provides that "unfair competition shall mean and include any unlawful, unfair or deceptive business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter I (commencing with § 17500) as Part 3 of Division 7 of the

1    Business and Professions Code."

2        46.    Plaintiff has standing to pursue this claim as Plaintiff has suffered injury

3    in fact and has lost money as a result of Defendants' false advertising and unfair

4    business practices.  Specifically, prior to the filing of this action, Plaintiff made a hotel

5    reservation through Defendants' online reservations system.

6        47.    Defendants' actions as alleged in this complaint constitute an unfair or

7    deceptive business practice within the meaning of California Business and Professions

8    Code section 17200 in that Defendants' actions are unfair, unlawful, and misleading,

9    and because the advertising rates are false and misleading within the meaning of

10   California Business and Professions Code sections 17200 *et seq.*

11       48.    Based on the foregoing, Defendants' false and misleading rates violate,

12   among other statutes, California Civil Code section 1770 *et seq.*, in that they represent

13   their rates with no intent to provide their hotel rooms at the advertised rate.

14   Defendants' misrepresentations further violate Section 5 of the FTC Act, 15 U.S.C. §

15   45, in practicing unfair methods of competition as well as engaging in unfair and

16   deceptive acts by misrepresenting the charges a consumer would face for booking a

17   hotel room at Defendants' hotels, the unlawfulness of which was identified in the

18   FTC's November 2012 Warning Letter.  As a result, Defendants' conduct constitutes

19   an unlawful business practice within the meaning of California Business and

20   Profession Code section 17200 *et seq.*

21       49.    Based on the foregoing, the benefits of Defendants' conduct are

22   outweighed by the harm it causes, and as such, Defendants' conduct is unfair within

23   the meaning of California Business and Professions Code section 17200 *et seq.*

24       50.    Based on the foregoing, Defendant fraudulently deceived Plaintiff and the

25   Class by representing Defendants' hotel rooms at rates that did not accurately represent

26   the ultimate cost to Plaintiff and the Class.  In doing so, Defendants misrepresented

27   and concealed material facts from Plaintiff and the Class.

28       51.    Plaintiff seeks all remedies available under Section 17200 of the

1  California Business and Professions Code, including restitutionary and injunctive
2  relief, as well as attorneys' fees and costs.

### SECOND CAUSE OF ACTION

4  **(Violation of California Business and Professions Code § 17500 *et seq.* Against All**
5  **Defendants)**

6      52.    Plaintiff re-alleges and incorporates by reference the allegations contained
7  in the preceding paragraphs of this complaint, as though fully set forth herein.

8      53.    This cause of action is brought pursuant to California Business and
9  Professions Code section 17500 *et seq.*, on behalf of Plaintiff individually and on
10  behalf of all California consumers similarly situated who made an online hotel
11  reservation through Defendants' online reservation system within the applicable statute
12  of limitations.

13      54.    As alleged herein, Plaintiff has standing to pursue this claim, as Plaintiff
14  has suffered injury in fact and has lost money as a result of Defendants' misleading
15  rates and unfair business practices in an amount representing the difference between
16  the advertised rate and the rate charged to Plaintiff and the Class members.

17      55.    Defendants, in advertising their rates, made false and misleading
18  representations as to the actual cost of the hotel stay.

19      56.    At all relevant times, Defendants were responsible for owning and
20  operating the hotel as well as the online reservation system.

21      57.    Based on the foregoing, Defendants deceived Plaintiff and the Class by
22  representing their hotel rooms at a rate lower than that which would be charged to
23  them.  In doing so, Defendants misrepresented and concealed material facts from
24  Plaintiff and the Class, which an ordinary consumer would rely upon and upon which
25  Plaintiff relied in purchasing a stay at Defendants' particular hotel.

26      58.    Plaintiff seeks all remedies available under Section 17535 of the
27  California Business and Professions Code, including restitutionary disgorgement and
28  injunctive relief, as well as attorneys' fees and costs.

## THIRD CAUSE OF ACTION

**(Violation of the California Legal Remedies Act Against All Defendants)**

59.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

60.     Plaintiff brings this claim under the California Civil Code section 1750 *et seq.*, the California Consumer Legal Remedies Act, on behalf of himself and the Class, who were subject to Defendants' above-described unfair and deceptive conduct.

61.     Section 1770 makes unlawful certain "unfair methods of competition and unfair or deceptive acts of practices undertaken by any person in a transaction intended to result or which results in the sale . . . of goods . . . to any consumer."

62.     Defendants are "persons" within the meaning of California Civil Code sections 1761(c) and 1770 and provides "goods" within the meaning of California Civil Code sections 1761(a) and 1770.

63.     Purchasers of Defendants' services, including Plaintiff and members of the Class, are "consumers" within the meaning of Civil Code sections 1761(d) and 1770.  The purchase made by Plaintiff and members of the Class constitute a "transaction" within the meaning of Civil Code sections 1761(e) and 1770. Specifically, prior to filing this action, Plaintiff made an online reservation to stay at The Palazzo hotel, and in doing so, he relied on The Palazzo's representations as to the amount owed.

64.     Defendants have undertaken unfair methods of competition and unfair or deceptive practices in transactions intended to result or which have resulted in the sale of goods to a consumer, including but not limited to deceptively advertising Defendants' hotels with the intent not to sell them as advertised in violation of California Civil Code section 1770(a)(9).

65.     Defendants have been notified of the alleged violation of the CLRA pursuant to California Civil Code section 1782.  (See Exhibit C. Letters to Defendants, dated December 12, 2014.)  Defendants' wrongful business practices continued, and

**CLASS ACTION COMPLAINT**

1  constitute a continuing course of conduct in violation of the CLRA since Defendants
2  still refuse to represent their rates as an accurate total inclusive estimate and have thus
3  injured Plaintiff and the Class.

4        66.   As a proximate result of Defendants' violations of the CLRA, Plaintiff
5  and the Class have suffered damages.  Defendants should be required to pay actual and
6  punitive damages, to make restitution to Plaintiff and the Class, should be enjoined
7  from continuing such practices, and should be ordered to pay for all costs for bringing
8  this lawsuit, including attorneys' fees, and any other relief which the Court deems
9  proper.

**PRAYER**

11      WHEREFORE, Plaintiff prays for judgment against Defendant as follows:
12      A. For contract damages in an amount to be determined by proof at trial;
13      B. For special damages in an amount to be determined by proof at trial;
14      C. For attorneys' fees and costs of this action; and
15      D. For such other and further relief as the Court deems just and proper.

17  DATED:  March 9, 2015          **KABATECK BROWN KELLNER LLP**

19            By: _____
20            Levi Plesset
          *Attorneys for Plaintiff*

-14-

**CLASS ACTION COMPLAINT**

# DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

DATED:  March 9, 2015                **KABATECK BROWN KELLNER LLP**

                                          By: _____
                                          Levi Plesset
                                          *Attorneys for Plaintiff*